# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| KERRY McINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13CV00017 DDN |
| | ) |
| ROBERT BLISS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff's amended complaint under 28 U.S.C. § 1915A.

## Section 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a prisoner if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Section 1915(b)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $41.83, and an average monthly balance of $73.85. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.77, which is 20 percent of Plaintiff's average monthly balance.

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Crossroads Correctional Center.  At all times relevant to the complaint, Plaintiff was incarcerated at the Northeast Correctional Center ("NECC").  Named as Defendants are Robert Bliss (Correctional Officer, NECC), John Pierceal (same), Ricky Hayes (same), James Hurley (Warden, NECC), and Alan Earls (Deputy Division Director, Missouri Department of Corrections).  Plaintiff sues Defendants in their individual capacities only.

Plaintiff alleges that on March 14, 2012, Defendant Bliss attacked him without provocation while he was handcuffed and in his cell.  Plaintiff claims that Defendants Hayes and Pierceal watched Bliss attack him and failed to protect him.  Plaintiff says that Bliss tackled him, jumped on his back, and threatened him verbally.

Plaintiff asserts that Bliss then took him to a strip cell.  Plaintiff says he requested to be seen by a doctor but that Bliss refused to allow it.

Plaintiff maintains that he was transferred to another wing where Bliss did not have duties.  Plaintiff claims that Bliss came to the wing to harass him and also gave him a false conduct violation.

Plaintiff asserts that Defendants Hurley and Earls should be held liable because of their status as supervisors.

**Discussion**

Plaintiff has stated plausible claims for relief against Defendants Bliss, Hayes, and Pierceal. As a result, the Court will direct these Defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where Plaintiff fails to allege that Defendant was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating that Defendants Hurley or Earls were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendants Robert Bliss, Ricky Hayes, and John Pierceal.[1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Defendants Hurley or Earls because, as to these Defendants,

---

[1] The Clerk should note that Plaintiff initially filed this action against "John Pierce" but that plaintiff changed the name of the defendant to "Pierceal" in the amended complaint. Defendants are alleged to be correctional officers at Northeast Correctional Center.

the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $14.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 25th day of April, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE